IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 7:23CV00809 |
| | ) | |
| PHILIP ATETO, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

Defendants Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok by special limited appearance[1], Sloan Touchet, and Brynn Cassidy West ("Defendants") have moved pursuant to Federal Rule 12(b) of Civil Procedure to dismiss the complaint filed against them by Plaintiff Mountain Valley Pipeline, LLC ("MVP"). In support of their Motion to Dismiss, the Defendants submit the following memorandum.

**I.     LACK OF SUBJECT MATTER JURISDICTION.**

When a federal court determines an absence of subject-matter jurisdiction, it must dismiss the complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) and FED. R. CIV. P. 12(b)(1). Here, Plaintiff invokes federal question jurisdiction pursuant solely to 28 U.S.C. § 1331, claiming that its four counts "arise under the Constitution, laws, or treaties of the United States." Dkt. 1, ¶ 5. Plaintiff does not invoke supplemental jurisdiction under 28 U.S.C. §

---

[1] Pursuant to FED. R. CIV. P. 12(b), no objection to service "is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." *See also Dynamis, Inc. v. Dynamis.com*, 780 F.Supp.2d 465, 471 (E.D. Va. 2011) (footnote omitted) ("the Federal Rules of Civil Procedure allow a party denying jurisdiction and service to bring a Rule 12(b)(6) challenge without waiving the jurisdictional objection").

1367. Plaintiff asserts that each of its four counts independently satisfies federal question jurisdiction, presumably because in its view Counts Two, Three and Four all require proof of the cause of action outlined in Count One. Thus, if Count One fails to raise a federal question, the entire Complaint must be dismissed for lack of subject matter jurisdiction.

For a court to have federal question jurisdiction over a state law claim, the state law claim must present a federal issue that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court 'without disrupting Congress's intended division of labor between state and federal courts.'" *Old Dominion Elec. Coop v. PJM Interconnection, LLC*, 24 F. 4th 271, 288 (4th Cir. 2022), *cert. Denied.*, 143 S. Ct. 87, 214 L. Ed. 2d 15 (2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

The first count of MVP's complaint is a "violat[ion] of the rights of MVP under the Right of Way Grant and Temporary Use Permit and Closure Order." Count One is a claim that Defendants have violated Plaintiff's easement rights.[2] To the extent such a tort exists in Virginia, it requires the Court to examine what rights and duties the easement creates and whether a defendant's actions breached those duties in such "a manner that mere restoration of the right to use the property will not correct." *Ortiz v. Flattery*, 63 Va. Cir. 309, 2003 WL 22785031, *3 (Fairfax Co. Cir. Ct. 2003).[3]

---

[2] The Right of Way and Temporary Use Permits are easements, but the Closure Order is a federal law that provides no cause of action or right to MVP. Since the Closure Order does not provide MVP with actionable rights or any kind of easement, its inclusion in this Complaint cannot create for MVP a work-around to establish federal question jurisdiction that otherwise does not exist.

[3] *Ortiz* recognizes the tort of interference with easements when such an action is brought by an easement holder *against the servient landowner*, reasoning that the easement "creates a burden on the servient tract" and a corresponding duty upon servient landowners that gives rise to a cause of action. 63 VA. Cir. 309, 2003 WL 27785031, at *3 (citing several authorities addressing disputes between easement holders and servient estates).

The undisputed source of an easement is not "necessarily raised" in a claim for "interference with easements" and is thus not an essential element of such a claim. The mere fact that MVP has previously engaged in federal permitting processes to obtain its easements does not create federal elements in a state law claim that a defendant interfered with that easement.[4]

The United States Court of Appeals for the Fourth Circuit found federal question jurisdiction absent in an action between an electric utility operating under a Federal Energy Regulatory Commission ("FERC") easement and a third party over the utility's easement rights. The Fourth Circuit vacated Judge Moon's exercise of federal question jurisdiction even though the easement was issued in connection with a project governed by FERC, a federal agency. In the words of the Fourth Circuit,

> A claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue. Accordingly, if even one theory for interpreting the flowage easement does not involve interpretation of federal law, the claim does not arise under federal law.

*Pressi v. Appalachian Power* Company, 842 F.3d 299, 304 (4th Cir. 2016) (internal citations omitted).

Much like the case just cited, the present action does not arise under federal law.

---

[4] To the extent MVP believes (although does not explicitly state) that the Right of Way Grant and Temporary Use Permit (Compl., Ex. 3 and 4) creates a federal cause of action, MVP is incorrect. Neither the Right of Way Grant nor the Temporary Use Permit "displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). In any event, "[l]language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Id.* at 291. The Forest Service's closure order (Compl., Ex. 5) appears to bestow the *federal government* with a right to exclude the public from MVP's easement and to prosecute those who violate the order. But the closure order does not supply MVP with any private right or cause of action. It does not provide MVP with any possessory interest in the easement at issue.

The fact that the easement here was obtained as a result of Plaintiff's participation in a federal administrative permitting process does not add a federal element to a cause of action otherwise grounded in state law. The easement was granted by the federal government. But the easement itself *is not a federal law*. The easement is merely a property agreement between the federal government and MVP, which should be analyzed under state property law because Count One is in essence a state law claim for interference with easements.

The events leading to the acquisition of MVP's easement rights from federal agencies are not in issue here. No federal question exists in Plaintiff's Complaint, which therefore should be dismissed.

## II.     FAILURE TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

### Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. To withstand a Rule 12(b)(6) challenge, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory assertions that the plaintiff is entitled to relief cannot stand in for specific factual allegations. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The Court must assume all well-pleaded factual allegations are true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The allegations supporting a complaint must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 127 S. Ct. at 1964-65. These allegations must "raise a right to relief above the speculative level." *Id*. Any "unwarranted inferences, unreasonable conclusions, or arguments" must not be taken into consideration when evaluating

whether the plaintiff is plausibly entitled to relief. *E. Shore Markets, Inc. v. J.D. Associates Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

### A. COUNTS TWO AND THREE FAIL TO STATE CLAIMS FOR CONSPIRACY UPON WHICH RELIEF MAY BE GRANTED.

In Counts Two and Three, MVP sues to recover for injuries to its business interests on two, redundant conspiracy theories. Count Three is a common law conspiracy claim. (Compl. ¶¶ 23-29.) Count Four remounts the same claim as a Virginia statutory conspiracy action. (Compl. ¶¶ 30-34.) Neither is well pleaded.

Statutory and common law business conspiracy claims in Virginia are subject to heightened pleading requirements. *Thornlea Real Est. Ventures, LLC v. Va. CU Realty LLC*, 2021 Va. Cir. LEXIS 24, *11 (Culpeper Cnty., Feb. 15, 2021) ("Under Virginia law, both statutory and common law conspiracy claims must be pled with particularity and not mere conclusory language.") State and federal courts alike impose this strict pleading requirement to prevent parties from recasting ordinary disputes as tortious conspiracies.

> Like fraud, a plaintiff must plead business conspiracy with particularity. *Gov't Emps. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004). The heightened pleading standard prevents all unfair competition disputes from becoming business conspiracy claims.

*BHR Recovery Cmtys., Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416, 425 (E.D. Va. 2018) (applying Virginia law).

MVP pleads no specific facts to establish a conspiratorial agreement between the Defendants with one another or with others to hinder pipeline construction. MVP alleges Defendants engaged in similar conduct in a single protest on a single occasion, but "fails to allege with any specificity" any other "persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were

5

made." *Power Home Solar, LLC v. Sigora Solar, LLC*, 2021 WL 3856459, *12, 2021 U.S. Dist. LEXIS 163753, *32 (Aug. 30, 2021, W.D. Va.) (*quoting A Society Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011)). MVP also fails to particularize its claims of damage or injury resulting from the purported conspiracy. In paragraphs 29 and 34, MVP makes the sweeping assertion that it ". . . has sustained damages, costs, expenses, and attorney fees" as a result of the conspiracies. This hardly constitutes particularized pleading.

In sum, the Court should dismiss Counts Two and Three for failure to satisfy the heightened pleading standards applicable to conspiracy claims.

### B. COUNT FOUR FAILS TO STATE A COGNIZABLE CLAIM FOR INJUNCTIVE RELIEF.

In Count Four (Compl. ¶¶ 35-37), MVP essentially restates the requests for injunctive relief it makes in Counts One through Four. Count Four should be dismissed because an injunction is not a substantive claim. An injunction is an equitable remedy. Count Four therefore should be dismissed at the pleadings stage. "District courts summarily dismiss remedies pleaded as causes of action." *Power Home Solar, LLC v. Sigora Solar, LLC*, 2021 U.S. Dist. LEXIS 163753, *37 (Aug. 30, 2021, W.D. Va.) (granting motion to dismiss count consisting of claim for injunctive relief); *Bloch v. Exec. Off. of the President*, 164 F. Supp. 3d 841, 862 (E.D. Va. 2016) ("Of course, injunctive relief is a remedy and not a cause of action and it is improper to frame a request for an injunction as a separate cause of action.") [internal quotations omitted]; *McMillan v. Kansas City Life Ins. Co.*, 2023 U.S. Dist. LEXIS 43540, *46-47 (Mar. 14, 2023, D. Md.) (same).

### II. IMPROPER SERVICE ON DEFENDANT SHUSHOK.

"Where a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service, the plaintiff bears the burden to establish that service of process conformed with Federal Rule of Civil

Procedure 4." *Rice v. Alpha Sec., Inc.*, 940 F.Supp.2d 321 (E.D. Va 2013) (vacated on other grounds by *Rice v. Alpha Sec., Inc.*, 556 Fed.Appx. 257 (4th Cir. 2014)).

A document purporting to be a Return of Service on Christian Shushok was filed on January 10, 2024. Dkt. 6, Ex. 1. This document is an affidavit that Christian Shushok was served at 331 Airport Road, Blacksburg, Virginia, by the method of posting the Summons and Complaint at the main entrance of the served individual's usual place of abode. *Id*.

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve an individual pursuant to state law in the state where the district court is located or where service is effectuated. When personal service or substituted service upon a family member at defendant's usual place of abode cannot be achieved. Virginia state law allows service by posting a copy of process at the main entrance of defendant's "usual place of abode." The party seeking service must follow up with a mailing. ,A certificate of mailing must also be filed with the court. § 8.01-296(2)(b).

A "'usual place of abode,' at which substituted service may be made, is distinct from [a defendant's] last known residence, and substituted service at a party's last home or residence is insufficient service to show proper service at [defendant's] 'usual place of abode.'" *Koons v. Crane*, 72 Va. App. 720, 734-35 (2021).

MVP failed to serve process at Defendant Shushok's usual place of abode.[5] It would appear that the Plaintiff also failed to file in the Office of the Clerk of Court a certificate of any

---

[5] Counsel notes that MVP filed a new Proposed Summons for Defendant Shushok on February 9, perhaps in recognition that prior service was improper, and that a new Electronic Summons was issued on February 12. While no new Return of Service has been filed as of the morning of February 15, counsel notes that the new summons still fails to reflect proper service at Defendant Shushok's usual place of abode.

subsequent mailing of such service. As such, service is deficient and the Complaint against Defendant Shushok should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss and dismiss the Complaint against them with prejudice.

                                              PHILIP ATETO, BARKHA BHANDARI, JOEL DAVIS, KIDUS GIRMA, KLEA HAZIZAJ, DEVORA KLIONSKY, CHRISTIAN SHUSHOK SLOAN TOUCHET, AND BRYNN WEST

By:    /s/ Paul G. Beers
        Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing Memorandum in Support of Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                              /s/ Paul G. Beers
                                              Paul G. Beers