IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP ATETO, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 7:23cv00809 |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its response to the motion to dismiss filed by defendants Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok, Sloan Touchet, and Brynn Cassidy West, states as follows:

## I. INTRODUCTION

This case involves an interstate pipeline project approved by Congress. The project crosses the Jefferson National Forest in accordance with an easement and closure order from federal agencies. Although MVP has the right to construct its pipeline, defendants unlawfully entered federal land and stopped work in violation of the easement and closure order. MVP filed this case to enforce its rights and enjoin further violations.

In response, defendants admit that MVP has a cause of action for violation of the easement and closure order, but they contend that MVP must file its case in state

court. According to defendants, a federal court has no jurisdiction to enforce the easement or the closure order because they involve no federal question.

Defendants are wrong for two reasons. First, a suit for violation of a federal easement and a federal closure order is a federal cause of action. MVP's claim arises under federal law, and it is governed by federal law. Therefore, the Court has federal-question jurisdiction.

Second, even if a suit for violation of a federal easement were classified as a state claim, the Court would have jurisdiction under the *Gunn-Grable* framework. This case involves how the federal easement and federal closure order should be interpreted and enforced. These are substantial federal questions that the Court is authorized—and required—to hear.

Defendants' challenges to the merits of MVP's conspiracy claims have no support in the facts or the law. Here we have a group of people who planned and coordinated a mass entry on the right of way to stop work. The defendants were all acting in concert for an unlawful purpose. MVP has properly charged them with conspiracy.

Finally, one defendant—Christian Shushok—contends that he has not been properly served. Although MVP posted the summons and complaint at the address on his arrest warrant and at the address he gave the magistrate after his arrest, Shushok contends that he does not live at either location. Yet, Shushok has not supported his contention with any evidence or affidavit. As a result, the postings should stand, and Shushok's motion to dismiss under Rule 12(b)(5) should be denied.

## II. STANDARD OF REVIEW

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the Court's subject-matter jurisdiction over the complaint. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Caldwell v. UPS, Inc.*, No. 7:15-cv-358-EKD, 2015 WL 6159509, at *3 (W.D. Va. Oct. 20, 2015). A Rule 12(b)(1) motion can either be a facial challenge asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction or a factual challenge asserting that the jurisdictional allegations are not true. *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009); *Rivers v. U.S.*, No. 6:18-cv-61, 2020 WL 5526500, at *5 (Aug, 18, 2020), *R&R adopted*, 2020 WL 5790409 (W.D. Va. Sept. 28, 2020). In this case, defendants assert a facial challenge. Dkt. No. 17 at 1-4. In resolving this challenge, the Court must accept the facts alleged in the complaint as true, and the motion to dismiss must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Kerns*, 585 F.3d at 192; *Rivers,* 2020 WL 5526500, at *5.

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether Counts Two, Three, and Four set out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To survive the motion, the counts "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In resolving a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor, and then determine whether they plausibly give rise to an entitlement to relief under the governing law. *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016).

Defendant Shushok's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges the adequacy of service of process. *U.S. v. Sea Bay Dev. Corp.*, 2:06-cv-624, 2007 WL 1378544, at *2 (E.D. Va. May 8, 2007). MVP has the initial burden of proving adequate service under Rule 4. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016); *Fuller v. Aliff*, No. 4:13-cv-56, 2014 WL 12918937, at *3 (E.D. Va. Apr. 16, 2014). MVP may satisfy its burden of proof by filing a signed return of service, shifting the burden to Shushok to rebut the evidence of service by strong and convincing evidence. *ALPS Prop. & Cas. Ins. Co. v. Fidlow*, No. 3:16-cv-276, 2017 WL 690543, at *3 (E.D. Va. Feb. 21, 2017) (stating that, where a plaintiff files a signed return of service, the burden of proof shifts to the defendant to rebut the prima facie evidence of valid service by strong and convincing evidence); *Dunn v. Nicholas Cty.*, No. 2:14-cv-25532, 2015 WL 3843777, at *2 (S.D. W. Va. June 22, 2015) (same); *Fenner v. John Umstead Hosp.*, No. 1:09-cv-977, 2014 WL 257274, at *3 (M.D.N.C. Jan. 23, 2014) (same); *Health Freedom Def. Fund, Inc. v. US Freedom Flyers, Inc.*, No. 4:23-cv-380, 2023 WL 9051245, at *3 (D. Idaho Dec. 29, 2023) (same); *Chamberlain v. Integraclick, Inc.*, No. 4:10-cv-477, 2011 WL 1456878, at *2 (N.D. Fla. Apr. 15, 2011) (stating that, when the plaintiff satisfies its burden of showing proper service, the burden shifts to the defendant to present strong and convincing evidence of insufficient process).

In attempting to meet his burden of proof, Shushok may rely upon affidavits, documentary evidence, or oral testimony. *Dunn*, 2015 WL 3843777, at *2; *Chamberlain*, 2011 WL 1456878, at *2; 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. 2024).

## III. ARGUMENT

### A. THE COURT HAS SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1331, the Court has jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." The existence of jurisdiction under this statute is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Courts have recognized different categories of cases as arising under federal law. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016). First, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). As stated long ago in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), "[a] suit arises under the law that creates the cause of action."

Second, even where state law creates the plaintiff's cause of action, the case arises under federal laws where the "right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*,

463 U.S. 1, 13 (1983). This second category of federal jurisdiction is based upon "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

### *1. MVP Has Federal Claims*

"[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'" *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 377 (2012) (quoting *Grable*, 454 U.S. at 317). In this case, MVP's claims are federally created.

The property where the incident occurred is owned by the United States and part of the Jefferson National Forest. Dkt. No. 1 at ¶¶ 1, 9. The right of way that MVP holds was granted to it by the United States Department of Interior, Bureau of Land Management. *Id.* at ¶ 12. To allow construction to proceed safely, the United States Department of Agriculture, United States Forest Service issued an order closing the right of way to others. *Id.* ¶ 13.

The Property Clause of the Constitution states that "Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const., Art IV, § 3. Under this provision, "Congress exercises the powers of both a proprietor and of a legislature." *Kleppe v. New Mexico*, 426 U.S. 529, 540 (1976). The power of Congress over public lands is "'complete'" and "'without limitations.'" *Id.* at 539-40 (quoting *U.S. v. San Francisco*, 310 U.S. 16, 29, 30 (1950)).

"Federal law governs a claim of easement over lands owned by the United States." *McFarland v. Kempthorne*, 545 F.3d 1106, 1110 (9th Cir. 2008). While easements are also an integral part of state law, "the rules regarding easements over lands of the United States are substantially different from the rules applicable to private property." *Montana Mine Land Holdings, LLC v. U.S. Dep't of Agric.*, No. 17-cv-65, 2018 WL 1640866, *2 (D. Mont. Apr. 5, 2018). One has only to look at the provisions of the grant to see that. Dkt. Nos. 1-4, 1-5. *See also Samuel C. Johnson 1988 Tr. v. Bayfield Cty.*, 649 F.3d 799, 801 (7th Cir. 2011) ("[B]ecause the property was once owned by the federal government and the plaintiffs ultimately base their suit on the terms of the original federal grants, the suit may be said to arise under federal law as well."); *Beres v. U.S.*, 104 Fed. Cl. 408, 443 (2012) ("'[T]he construction of grants by the United States is a federal not a state question' and 'involves the consideration of state questions only in so far as it may be determined as a matter of federal law that the United States has impliedly adopted and assented to a state rule of construction as applicable to its conveyances.'") (quoting *U.S. v. Oregon*, 295 U.S. 1, 27-28 (1935)).

Under the Enclave Clause, the United States may acquire exclusive jurisdiction of land in a state with the consent of the state. U.S. Const., Art. I, § 8, cl. 17; *Kleppe*, 426 U.S. at 542. The United States and a state may also agree to concurrent jurisdiction over the land. *Id.*

In national forests, the United States and the states have agreed to concurrent jurisdiction. *U.S. v. Raffield*, 82 F.3d 611, 612-13 (4th Cir. 1996); *see U.S. v. Gabrion*, 517 F.3d 839, 855 (6th Cir. 2008). In approving the acquisition of lands for a

national forest, Virginia reserved concurrent jurisdiction. 1901 (Ex. Sess.) Va. Acts, Ch. 229, page 247. In accepting lands for a national forest, Congress agreed to concurrent jurisdiction. 16 U.S.C. § 480. The United States retained authority to regulate activities in national forests. 16 U.S.C. § 551. The United States also retained the authority to grant easements. 30 U.S.C. § 185; *see Kleppe*, 426 U.S. at 542-43 (holding that Congress has the power under the Property Clause to enact legislation for federal lands).

Congress has expressly approved the right of way for MVP's project. Pub. L. No. 118-5, 137 Stat. 10 (2023). Congress found that completion of the project is required in the national interest, and it ratified and approved all authorizations for the project to proceed. *Id.*

Because MVP's claims in this case are based upon a federal grant, a federal closure order, and a right of way approved by Congress, they arise under federal law.

#### *2. The Case Presents Substantial Federal Questions*

In their brief, defendants do not address the federal claims asserted by MVP. Rather, they assume that all the claims asserted by MVP arise under state law and that these claims do not present a substantial federal question under the *Gunn-Grable* framework. Dkt. No. 17 at 2. Because MVP's claims for interference with its right of way and violation of the closure order arise under federal law, the Court does not need to reach the *Gunn-Grable* analysis. Under that analysis, however, the Court would also have jurisdiction.

In *Grable*, the Supreme Court held that a state-law claim would present a federal question where it raised "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressional approved balance of federal and state judicial responsibilities." 545 U.S. at 314. In *Gunn*, the Court said "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 568 U.S. at 258.

In this case, the federal issues involve the interpretation and enforcement of the right of way granted by the United States to MVP and the interpretation and enforcement of the closure order. The right of way and closure order are "necessarily raised." They form the basis for MVP's case. *See VA Timberline, LLC v. Appalachian Power Co.*, No. 4:06-cv-26, 2006 WL 1993557, at *1 (W.D. Va. July 13, 2006) (holding that the court had federal-question jurisdiction where construction of a federal license incorporated into the plaintiff's easement agreement was necessarily raised); *Tri-Dam v. Frazier*, No. 1:20-cv-408, 2021 WL 3857649, at *8 (E.D. Cal. Aug. 30, 2021) ("[A]s resolution of the public nuisance claim necessarily turns on interpretation of the Shoreline Management Plan, a federal instrument, this Court has jurisdiction over the claim."), *aff'd*, No. 22-15246, 2023 WL 3193592 (9th Cir. May 2, 2023); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1234 (10th Cir. 2006) (holding that federal-question jurisdiction existed where the district court was required to interpret a federal land-grant statute and right-of-way easement).

While defendants have not filed an answer, their actions show that they actually dispute MVP's rights. Defendants have engaged in a direct action campaign to deny MVP the benefit of the right of way and closure order. Dkt. No. 1 at ¶¶ 14-16.

The questions are substantial and of "importance … to the federal system as a whole." *Gunn*, 568 U.S. at 260. Indeed, Congress has expressly declared completion of the project to be in the national interest. Pub. L. No. 118-5, 137 Stat. 10 (2023).

Resolution of MVP's claims in federal court will not disrupt the federal-state balance of judicial responsibilities. The enforcement powers of states and the United States are concurrent in national forests. The Court's exercise of jurisdiction will not infringe on the authority of the state. The Court will be interpreting and enforcing a federal easement and closure order on federal land for a project that Congress has directed be completed.

*3. Pressl Is Distinguishable*

Defendants rely on in *Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016), but that case involved a private easement. In *Pressl*, the plaintiffs brought suit in state court for a declaratory judgment that building a dock on their property was not inconsistent with an easement that their predecessors—as private parties—had granted to defendant. *Id*. at 301. While plaintiffs alleged federal regulations applied, they also alleged that the terms of the easement itself did not prohibit construction of the dock. *Id*. at 303-05. Because the case could be resolved without enforcement of a federal instrument or an interpretation of a federal law, a federal question was not necessarily raised. *Id*. In contrast to the plaintiffs in *Pressl*, MVP is not asking the court

to construe an easement granted by a private party. Rather, MVP seeks construction and enforcement of a federal instrument and a federal order, so federal questions are necessarily raised. *See Samuel C. Johnson 1988 Tr.*, 649 F.3d at 801 (holding suit based on federal grant arises under federal law); *Nicodemus*, 440 F.3d at 1234-36 (holding suit requiring interpretation of federal land-grant statute involves substantial federal issue).

Similarly, in *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557-59 (4th Cir. 1999), the pipeline company brought an action in federal court to enforce an easement granted by the defendant, a private party. The court held that the case could be resolved without reference to federal regulations and, therefore, did not necessarily raise a federal question. Also, in *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 585 (6th Cir. 2013), the court held it did not have jurisdiction over a claim for interference with a private easement agreement even though federal regulations governed the company's operations. In each of these cases, the pipeline company sought to enforce a private easement—not a federal one. Conversely, MVP's claims cannot be resolved without reference to the federal instrument and order upon which the claims depend.

#### *4. The Court Has Supplemental Jurisdiction Over Count Three*

Court One is for interference with the federal easement and violation of the federal closure order. Count Two is for common law conspiracy. Count Three is for violation of Virginia Code § 18.2-499A. And Count Four seeks injunctive relief.

Of these claims, only Count Three requires the application of state law. For the reasons discussed above, however, the Court would have jurisdiction over Count Three under the *Gunn-Grable* analysis. That analysis aside, the Court would also have supplemental jurisdiction over Count Three.

Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over some claims, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The claim under Virginia's statute for conspiracy is part of the same case or controversy as the federal claims.

While the complaint does not specifically invoke supplemental jurisdiction for Count Three, it was not required to. *Voyticky v. Village of Timberlake*, 412 F.3d 669, 674-75 (6th Cir. 2005). The complaint alleges federal-question jurisdiction, and Count Three is supplemental to the federal claims.

## B. THE COMPLAINT STATES CAUSES OF ACTION

### *1. Count One States a Claim for Interference with the Federal Easement and Violation of the Federal Closure Order*

Count One alleges a claim for interference with the federal easement and violation of the federal closure order. Dkt. No. 1 at ¶¶ 20-22. Defendants have not moved to dismiss Count One pursuant to Rule 12(b)(6). See Dkt. No. 17 at 5-6.

2. *Counts Two and Three State Claims for Conspiracy*

Count Two alleges a claim for common-law conspiracy. Dkt. No. 1 at ¶¶ 23-29. Count Three alleges a claim for business conspiracy under Virginia Code § 18.2-499. *Id*. at ¶¶ 30-34.

In their memorandum, defendants contend that Counts Two and Three do not allege a "conspiratorial agreement" with particularity and, therefore, fail to state a claim. Dkt. No. 17 at 5-6. Defendants rely upon *BHR Recovery Communities, Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416 (E.D. Va. 2018), which likens a claim for business conspiracy to a claim for fraud and finds that claims for conspiracy must be plead with particularity to prevent "unfair competition disputes from becoming business conspiracy claims." 355 F. Supp. 3d at 425.

Rule 9 provides that, in alleging fraud, the "circumstances constituting fraud" must be stated with particularity. Fed. R. Civ. P. 9(b). In contrast, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *Id*. Rule 9 serves four purposes: it provides notice of the conduct complained of, protects against frivolous claims, eliminates actions in which all the facts are learned after discovery, and protects against reputational harm. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *Hyundai Emigration Corp. v. Empower-Visa, Inc.*, No. 1:09-cv-124, 2009 WL 10687986, at *3 (E.D. Va. June 17, 2009). To plead fraud with particularity, a plaintiff must allege the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

what he obtained thereby. *Id*. "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784; *TN Americas LLC v. Strang*, No. 1:23-cv-242, 2023 WL 8235204, at *5 (D. Md. Nov. 28, 2023).

An express agreement is not required for a claim for conspiracy. *Tysons Toyota, Inc. v. Globe Life Ins. Co.*, 45 F.3d 428, 1994 WL 717598, *2, 5 (4th Cir. 1994); *Keil v. Seth Corp.*, No. 3:21-cv-153, 2021 WL 5088242, at *16 (E.D. Va. Nov. 2, 2021). A claim of conspiracy will survive a Rule 12(b)(6) motion when the defendants' conduct and the inferences to be drawn from such conduct indicate a "tacit" agreement. *Id.*; *see also Am. Airlines, Inc. v. Shahi World & Travels, LLC*, No. 1:20-cv-17, 2023 WL 3952332, at *20 (E.D. Va. June 12, 2023) (relying on rule that a conspiracy can be based on a tacit understanding); *Garrett v. Langley Fed. Credit Union*, 121 F. Supp. 2d 887, 906 (E.D. Va. 2000) ("[A] conspiracy may be established if the conduct of the parties and the inferences to be drawn from such conduct indicate, at least, a 'tacit understanding' to accomplish the object of the alleged conspiracy."). Here, the complaint alleges that, at the same time and place, defendants and others entered the right of way and surrounded equipment and blocked work. Dkt. No. 1 at ¶ 16. The whole purpose of the unlawful entry was to interfere with MVP's easements and work.

Defendants' Rule 9 argument also fails because only fraud-based conspiracy claims must be alleged with particularity, and Counts Two and Three do not

allege fraud. *Terry v. SunTrust Banks, Inc.*, 493 F. App'x. 345, 358 (4th Cir. 2012); *Evolved Karomac Vision Corp. v. Majority Holdings Int'l*, No. 1:19-cv-269, 2019 WL 12405934, at *1 (E.D. Va. June 10, 2019); *Harrell v. Colonial Holdings, Inc.*, 923 F. Supp. 2d 813, 825–26 (E.D. Va. 2013); *Alliance Tech. Group, LLC v. Achieve 1, LLC*, No. 3:12-cv-701, 2013 WL 143500, at *9 & n.7 (E.D. Va. Jan. 11, 2013); *but see BHR Recovery*, 355 F. Supp. 3d at 425 ("Like fraud, a plaintiff must plead business conspiracy with particularity."); *Livia Props., LLC v. Jones Lang LaSalle Americas, Inc.*, No.5:14-cv-53, 2015 WL 4711585, at *4 (W.D. Va. Aug. 7, 2015) (same). In any event, MVP has alleged conspiracy with particularity.

Contrary to defendants' assertion, Counts Two and Three do plead a "conspiratorial agreement" with particularity. Namely, it is alleged that defendants and others have agreed and combined to accomplish the unlawful purpose of interfering with MVP's work by unlawful means. Dkt. No. 1 at ¶¶ 24-27, 31-32. It is further alleged that, in furtherance of this conspiracy, defendants and others entered the right of way in Jefferson National Forest on October 16, 2023, and interfered with the work by surrounding equipment and obstructing workers. Dkt. No. 1 at ¶¶ 14-16, 23, 30.

Defendants' final argument is that MVP has not adequately alleged its damages. Dkt. No. 17 at 6. This argument fails because Rule 12(b)(6) is available only to dismiss a claim in its entirety. Rule 12(b)(6) cannot be used to dismiss only a demand for relief. *Mendes v. Wendling*, No. 5:19-cv-072-EKD, 2021 WL 1113662, at *8 (W.D. Va. Mar. 23, 2021); *Seward v. Kholmuradov*, No. 7:23-cv-220-RSB, 2023 WL 6811030, at *1 (W.D. Va. Oct. 16, 2023); *Bocock v. Specialized Youth Servs. of Va. Inc.*, No. 5:14-

cv-50-EKD, 2015 WL 1611387, at *2 (W.D. Va. April 10, 2015); *Charles v. Front Royal Vol. Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014).

In this case, however, MVP does allege damages. MVP alleges that defendants and others willfully and unlawfully entered the right of way and interfered with the work by blocking equipment and obstructing workers until law enforcement arrived and removed defendants, and that, as a result of such conduct, MVP has sustained damages, costs, expenses and attorney fees. Dkt. No. 1 at ¶¶ 1, 16, 18, 20, 22, 23, 29, 30, 34, Prayer (¶¶ 3-7)).

*3. Count Four Properly Seeks an Injunction*

Count Four requests preliminary and permanent injunctive relief prohibiting interference with MVP's work and prohibiting violations of the Right of Way Grant and Temporary Use Permit and Closure Order. Dkt. No. 1 at ¶¶ 35-37. In their memorandum, defendants argue that Count Four should be dismissed because an injunction is not a substantive claim. Dkt. No. 17 at 6. Count Four should remain in the case because it incorporates Counts One through Three and injunctive relief is supported by those counts. *Pinnacle Mining Co. v. Bluestone Coal Corp.*, 624 F. Supp. 2d 530, 540 (S.D. W. Va. 2009) (denying motion to dismiss count seeking an injunction because the plaintiff "could have easily included a permanent injunction in its list of remedies sought under [other counts in the case]"); *see also TechINT Sols. Group, LLC v. Sasnett*, No. 5:18-cv-37-EKD, 2019 WL 2619539, at *6 (W.D. Va. June 26, 2019) (denying motion to dismiss count for injunction because injunctive relief could be granted based on other counts in the case); *but see Power Home Solar, LLC v. Sigora Solar, LLC*, No. 3:20-cv-

00042, 2021 WL 3856459, at *14 (W.D. Va. Aug. 30, 2021) (stating injunctive relief is a remedy and not a cause of action and it is improper to frame a request for an injunction as a separate cause of action); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 862-63 (E.D. Va. 2016) (same).

### C. SHUSHOK'S 12(b)(5) MOTION SHOULD BE DENIED

Federal Rule of Civil Procedure 4 allows service upon Shushok by following Virginia law for serving a summons. Fed. R. Civ. P. 4(e)(1). Under Virginia law, service of process may be made by posting at Shushok's usual place of abode when neither Shushok nor a member of his family who is 16 years or older is found there. Va. Code § 8.01-296(2)(a) and (b).

On January 2, 2024, a private process server attempted service on Shushok at 331 Airport Road in Blacksburg. Dkt. No. 6-1. This is the address listed on the arrest warrants for Shushok. See Exhibit 1. When neither Shushok nor another member of the residence was found, the server posted the process at the front door of the residence. Dkt. No. 6-1.

On February 13, 2024, the process server attempted to serve Shushok at 408 Piedmont Street in Blacksburg. Dkt. No. 13-1. This is the address that Shushok gave the magistrate when he was released from jail. See Exhibit 1. Again, when the process server did not find Shushok or another resident, the server posted the process at the front door of the residence. Dkt. No. 13-1.

Thereafter, MVP mailed a copy of the complaint to Shushok at each of the addresses where process was previously posted. See Dkt Nos. 18-1 and 18-2. MVP included in the mailing the notice required by Virginia Code § 8.01-296(2)(b).

On February 16, 2024, Shushok filed his motion to dismiss under Rule 12(b)(5), arguing that a defendant's last known address is not necessarily his usual place of abode and claiming that neither 331 Airport Road nor 408 Piedmont Street is his usual place of abode. Dkt. No. 17 at 7 & n.5. Shushok has not, however, supported this contention by an affidavit or any other evidence. *Id*. Nor has Shushok identified what he says is his usual place of abode. *Id.*

While MVP bears the initial burden to prove proper service of process, MVP met that burden by filing its returns of service. Dkt. Nos. 6-1 and 13-1. The burden then shifted to Shushok to present convincing evidence that service was improper. *Fidlow*, 2017 WL 690543, at *3; *Dunn*, 2015 WL 3843777, at *2; *Fenner*, 2014 WL 257274, at *3; *Health Freedom Def. Fund*, 2023 WL 9051245, at *3; *Chamberlain*, 2011 WL 1456878, at *2. In his motion to dismiss, Shushok has not presented any evidence of his usual place of abode or any other evidence suggesting that service was defective. Instead, Shushok relies entirely on unsupported argument. See Dkt. No. 17 at 7 & n.5. Without any competent evidence to support his motion to dismiss, Shushok's motion should be denied.

In any event, actual notice cures any defect in service of process under Virginia law. Va. Code § 8.01-288; *Galloway v. Martorello*, No. 3:19-cv-314, 2023 WL 5180332, at *4 (E.D. Va. Aug. 11, 2023); *Booz Allen Hamilton Holding Corp.*, No. 1:19-

cv-969, 2019 WL 8889997, at *1 (E.D. Va. Sept. 9, 2019). Here, Shushok has actual knowledge of the complaint and this proceeding, and Shushok's motion to dismiss should be denied for this additional reason.

MVP has also undertaken action to serve Shushok through the Secretary of the Commonwealth. Dkt. No. 19-1. Service by this method is permitted under Virginia Code § 8.01-329(B) when the party to be served cannot be located by the exercise of due diligence. Service will be complete when the Secretary mails process to Shushok's last known address, which is 408 Piedmont Street, and files a certificate of compliance with this Court. Va. Code § 8.01-329(C). In this manner, MVP will obtain proper service on Shushok, even if his last known address was not his usual place of abode.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss under Rule 12(b)(1), 12(b)(5), and 12(b)(6) should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
VSB No. 16616
Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By *\/s/ Wade W. Massie*
Wade W. Massie

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*\/s/ Wade W. Massie*
Wade W. Massie