IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:23-cv-00809 |
| PHILIP ATETO, BARKHA BHANDARI, JOEL DAVIS, KIDUS GIRMA, KLEA HAZIZAJ, DEVORA KLIONSKY, CHRISTIAN SHUSHOK, SLOAN TOUCHET, and BRYNN CASSIDY WEST; | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

NOW COME Defendants, Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok[1], Sloan Touchet, and Brynn Cassidy West, and respectfully submit the following reply to Plaintiff Mountain Valley Pipeline's Response to Defendants' Motion to Dismiss.

**I.      LACK OF SUBJECT MATTER JURISDICTION**

MVP asserts that its claims arise under federal law because they are "based upon a federal grant, a federal closure order, and a right of way approved by Congress[.]" Dkt. 20, p. 8. Alternatively, MVP claims that its Complaint presents a federal question under the *Gunn-Grable* framework.

---

[1] Shushok is no longer challenging service given developments subsequent to the filing of the Motion to Dismiss. In exchange, MVP has indicated that it will agree that Shushok's 12(b)(1) and 12(b)(6) motions are timely filed.

1

MVP is incorrect. The federal land grant, right of way, and closure order do not separately or collectively create a federal cause of action.[2] Moreover, no federal issue is necessarily raised by MVP's state law interference with easements claims.

### A.  *MVP's State Law Claims Are Not Federal Causes of Action*

A right of way is not a law.  A right of way does not become a "federal law" just because it was conveyed by the federal government. A federal grant is not "federal law" but rather a property instrument emanating from a process governed by federal law. Analysis of MVP's easement rights on federal land is governed by "the same general principles" as those governing easements across private land. *See United States Forest Service v. Cowpasture River Preservation Association*, 590 U.S. __, 140 S.Ct. 1837, 1844-45 (2020).

MVP cites *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 132 S.Ct. 740 (2012) for the principle that a federally created claim for relief satisfies federal question jurisdiction. Dkt. 20, p. 6. This rule is irrelevant because the Right of Way and Temporary Use Permit create easements, not claims for relief. *Mims* found federal question jurisdiction in a claim brought under federal law, notwithstanding that the federal law contained a permissive grant of jurisdiction to state courts. *Mims*, 565 U.S. at 380, 132 S.Ct. at 749. Here, MVP's causes of action are brought under state statute and common law rather than federal law.

The Supreme Court has recognized that "a suit to enforce a right which takes its origin in the laws of the United States is not necessarily one arising under the Constitution or laws of the United States, within the meaning of the jurisdiction clauses[.]" *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 814 n. 12, 106 S.Ct. 3229, 3235 n.12 (1986) (*quoting Shoshone*

---

[2] In its Response, MVP fails to explain how it has any rights (let alone causes of action) under the Closure Order. *See Memorandum in Support of Motion to Dismiss*, Dkt.17, p. 3 n. 4; *Franchise Tax Bd. of State of Cal v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27, 103 S.Ct. 2841, 2855 (1983). Accordingly, Defendants focus their response on the federal land grant and right of way.

2

*Mining Co. v. Rutter*, 177 U.S. 505, 507, 20 S.Ct. 726, 727 (1990)). As century-old precedent makes clear:

> The requirement of an actual dispute about federal law [is] "especially" important in "suit[s] involving rights to land acquired under a law of the United States," because otherwise "every suit to establish title to land in the central and western states would so arise [under federal law], as all titles in those States are traceable back to those laws."

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mgf*, 545 U.S. 308, 315 n. 3 125 S.Ct. 2363, 2368 n.3 (2005) (*quoting Shulthis v. McDougal*, 225 U.S. 561, 32 S.Ct. 704 (1912)); *see also Gully v. First Nat. Bank*, 299 U.S. 109, 115, 57 S.Ct. 96, 99 (1936) (finding no federal question jurisdiction in state law contract dispute when debt arose from federal law authorizing taxes and noting that "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"). Nor, as *Gully* notes, do claims involving federally incorporated entities invoke federal question jurisdiction when jurisdiction is otherwise absent, unless the US government holds more than half of the stock of the corporation. *Id*., 299 U.S. at 113, 57 S.Ct. at 98.

      MVP cites two opinions in particular in which courts found federal question jurisdiction over disputes involving federal land. But neither *McFarland v. Kempthorn*, 54 F.3d 1106 (9th Cir. 2008) nor *Montana Mine Land Holdings, LLC v. U.S. Dept. of Agric*., No. 17-cv-65, 2018 WL 1640866 (D. Mont. Apr. 5, 2018) lends credence to MVP's position. These cases concluded that quiet title actions, pertaining to the *granting* of federal easements, were governed by federal law. Neither of these cases discussed federal question jurisdiction, as federal law was squarely a basis of the complaints in both cases. Neither decision held that federal question jurisdiction extended to state law claims for infringements of easements simply because those easements were previously conveyed through processes governed by federal law.

*Samuel C. Johnson 1988 Tr. v. Bayfield Cty.*, 649 F.3d 799 (7th Cir. 2011), is similarly inapposite. *Bayfield Cty*, was a quiet title action in which the parties disputed the terms of the original land grant. Dissimilar as well is *Beres v. U.S.*, 104 Fed. Cl. 408, 443 (2012), where the scope of the rights of way in takings cases was at issue and the terms of the land grants in question were central to the complaint.

MVP's complaint simply refers to the land grant at issue and asserts that Defendants have interfered with its property rights. This is not enough to establish federal question jurisdiction. *See Grable & Sons Metal Products, Inc.*, 545 U.S. at 315 n. 3, 125 S.Ct. 2368 n.3 (2005) (*quoting Shulthis*, 225 U.S. at 569 32 S.Ct. at 706) (actual dispute about federal is "especially" important in "suit[s] involving rights to land acquired under a law of the United States"). A federal controversy "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal" or of her responsive pleading. *Gully*, 299 U.S. at 113, 57 S.Ct. at 98.

### B. The Complaint fails the Gunn-Grable test

> [C]ountless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by.

*Merrell Dow Pharmaceuticals Inc.* 478 U.S. at 813 n. 11, 106 S.Ct. at 3234 n. 11 (*quoting Gully*, 299 U.S. at 115, 57 S.Ct. at 98).

The *Gunn-Grable* test is a framework for applying the "well-pleaded complaint" rule in cases such as this where the causes of action are based on state law. "The 'well-pleaded complaint' rule … as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Franchise*, 463 U.S. at 9-10, 103 S.Ct. at 2846. A proper application of the *Gunn-Grable* test and

the well-pleaded complaint rule shows that a federal question does not appear on the face of this Complaint because no purported federal issue is *necessarily* raised.

In *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876 (1950), the Court decided that a state law declaratory judgment contract action did not to give rise to federal question jurisdiction – even though federal action gave rise to the contested contract rights. In *Skelly*, whether the contract was breached depended on whether the Federal Power Commission issued certificates of convenience and necessity to a third party. *Id.*, 339 U.S. at 669, 675-76, 70 S.Ct. at 878, 880-81. Notwithstanding the fact that actions of the Federal Power Commission both initiated the dispute between the two parties and were factually relevant to the state-law claim, *see id.*, 339 U.S. at 669-70, 70 S.Ct. at 878, the Court found no federal question jurisdiction. *Id.*, 339 U.S. at 672-74, 70 S.Ct. at 879-880.

While MVP appears to anticipate that Defendants may challenge MVP's easement rights on the basis of federal law, MVP's state law interference with easements claim does not *necessarily* raise a federal question. "The plaintiff's claim itself must present a federal question, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (internal quotations omitted). The non-binding authorities relied upon by MVP with respect to the *Gunn-Grable* framework are distinct from the case at bar. *See VA Timberline, LLC v. Appalachian Power Co.* No. 4:06-cv-26, 2006 WL 1993557, at *1 (W.D. Va. July 13, 2006) (finding federal question jurisdiction in declaratory judgment action regarding "the terms and conditions" of a federal easement in a dispute between the easement holder and the owner of a servient property); *Tri-Dam v. Frazier*, No. 1:20-cv-408, 2021 WL 3857649, *5-8 (E.D. Cal. Aug. 30, 2021) (finding federal question jurisdiction when establishment of public nuisance claim required interpretation of FERC license); *Nicodemus v. Union Pac. Corp.*, 440

5

F.3d 1227, 1234-36 (10th Cir. 2006) (finding federal question jurisdiction when the scope of the easement was central to the litigation, plaintiff's claims all depended on whether a party's "use of the right-of-way [ ] exceeded the purpose for which it was granted[,]" and "construction of the federal grant land grant appear[ed] to be the only legal or factual issue contested in the case") (implicit overruling recognized in *Nadel and Gussman, LLC v. Reed Family Ranch, LLC*, 998 F.Supp.2d 1211, 1217 n. 4 (N.D. Okla. 2014) (*quoting Gilmore v. Weatherford*, 694 F.3d 1160, 1175 n. 3 (10th Cir. 2012))).

Just as a state law trespass action does not necessarily call into question the property transfer proceeding that vested exclusionary rights in the plaintiff owner, federal permitting processes do not create federal questions for subsequent actions seeking to enforce easement rights against third parties. When the federal question is not necessarily raised by the state law claim, but will only arise if other legal arguments fail or if certain legal theories are pursued by the defense, "[t]he most that one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government." *Gully*, 299 US at 117, 57 S.Ct. 96 at 99-100.

## II. MVP FAILS TO ALLEGE FACTS SUPPORTING A CONSPIRACY

Under controlling pleading standards, a complaint must "state a claim to relief that is plausible on its face," with specific factual allegations that are "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This logic extends to conspiracy claims. A complaint must offer factual support, beyond a mere legal conclusion, to support the existence of an agreement, an overt act, and an unlawful aim (or an unlawful act and a lawful aim).

Statutory and common law conspiracy claims are subject to heightened pleading strictures. "Under Virginia law, both statutory and common law conspiracy claims must be pled with particularity and not mere conclusory language." *Thornlea Real Est. Ventures, LLC v. Va. CU Realty, LLC*, 2021 Va. Cir. LEXIS 24, *11 (Culpeper County, Feb. 15, 2021); *BHR Recovery Cmtys. Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416, 425 (E.D. Va. 2018).

"[L]ike fraud," Judge Cullen observed recently, conspiracy "also must be pleaded with particularity." *NetTax, LLC v. Posso Pizza, Inc.*, 2024 U.S. Dist. LEXIS 13384, *30 (Jan. 24, 2024, W.D. Va.). The *NetTax* Court used a simile to illustrate the heightened pleading requirement for business conspiracy by referring to the heightened pleading requirement for fraud. *Id*. This use of the fraud standard to illustrate the conspiracy standard does not, as MVP suggests, indicate that "only fraud-based conspiracy claims must be alleged with particularity." Dkt. 20, p. 14. Virginia courts apply a heightened pleading standard for conspiracy even absent any allegations of fraud. *360 Painting, LLC v. Misiph*, 2023 U.S. Dist. LEXIS 121493, **23 (July 13, 2023, W.D. Va.) ("Plaintiff must plead business conspiracy with particularity"); Danville *Com. Indus. Storage, LLC v. Selective Ins. Co. of S.C.*, 2018 U.S. Dist. LEXIS 212502 (Dec. 18, 2018, W.D. Va.) (dismissing a conspiracy claim for failing under the *Iqbal* and *Twombly* standards because the claims were not pleaded with particularity). *Tradestaff & Co v. Nogiec*, 77 Va. Cir. 77 (2008).

A plaintiff a satisfies its burden of particularized pleading for a claim of conspiracy only if the complaint states with specificity "the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made.'" *Darton Environmental, Inc. v. Fjuvo Collections, LLC, et al.*, 332 F.Supp.3 1022, 1036 (W.D. Va. 2018) (quoting *A Society Without A Name v. Virginia*, 655 F.3d

7

342, 346 (4th Cir. 2011)); *see also Power Home Solar, LLC v. Sigora Solar, LLC*, 2021 U.S. Dist. LEXIS 163753, *32 (Aug. 30, 2021, W.D. Va.).

MVP cites *American Airlines, Inc v. Ahi World & Travels, LLC*, 2023 WL 3952332 (E.D. Va. 2023) for the precept that tacit agreements are sufficient. Dkt. 20, p. 14. A tacit agreement nonetheless requires at least some form of meeting of the minds and does not diminish MVP's burden to plead more than just that the Defendants engaged in the same conduct at the same time. "Mere parallel conduct does not suggest conspiracy." *Twombly*, 550 U.S. at 556-67. In *American Airlines*, alleged coconspirators engaged in multiple steps of the same process, for example with certain defendants soliciting business from potential customers that another defendant then approved, as well as alleged coconspirators exchanging money as apparent compensation for tasks performed in furtherance of the conspiracy. *American Airlines, Inc.*, 2023 WL 3952332, at *20. MVP's reliance upon precedent such as *American Airlines*, then, is misplaced.

Far more on point is *Darton Environmental*, where this Court found insufficient allegations that "shortly after the agreements were signed and FJUVO representatives inspected the Darton refinery, FJUVO and its agents Chen and the Zhengs conspired together to breach the agreements," and that "Defendants Chen and TG also conspired to use and in fact began to use the Darton technology in TG's refinery in Highland, Indiana." *Darton Environmental, Inc.*, 332 F.Supp.3d at 1036.

The instant case is just like *Darton Environmental*. MVP alleges that "defendants and others have agreed and combined to accomplish the unlawful purpose of interfering with MVP's work by unlawful means" and that "defendants and others entered the right of way ... and

interfered with the work by surrounding equipment and obstructing workers." Dkt. 20, p. 15, citing Dkt. No. 1 at ¶¶ 24-27, 31-32.

Like the *Darton Environmental* plaintiff, MVP "throw[s] around conclusions of conspiracy without any factual content about 'the specific communications amongst the conspirators, or the manner in which any such communications were made.'" *Darton Environmental,* 332 F.Supp. 3d at 1036. Alleging that Defendants have "agreed and combined" is precisely the type of "formulaic recitation of the elements" and reliance on "labels and conclusion" that are insufficient under *Twombly's* progeny, including *Darton Environmental*. *Bell Atl. Corp.,* 550 U.S. at 556-57. MVP does not plead allegations that support a conspiracy because it does not offer any *facts* that indicate an agreement, tacit or otherwise. MVP alleges parallel conduct rather than concerted conduct.

MVP also does not plead particularized damages. MVP claims that Rule 12(b)(6) is available only to seek dismissal of claims, not of demands for relief. Dkt. 20, p. 15. But damages are an element of a civil conspiracy claim. *See, e.g.*, *Dunlop v. Cottman Transmission Systems, LLC*, 287 Va. 207, 215 (2014) ("[A]ctions for common law civil conspiracy and statutory business conspiracy only lie if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious."). Thus, a failure to plead damage with particularity is an independent basis for dismissing a conspiracy claim such as this one at the pleadings stage.

Respectfully Submitted,

PHILIP ATETO, BARKHA BHANDARI, JOEL DAVIS, KIDUS GIRMA, KLEA HAZIZAJ, DEVORA KLIONSKY, CHRISTIAN SHUSHOK SLOAN TOUCHET, AND
BRYNN WEST

By: /s/ Paul G. Beers
      Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2024, I electronically filed the foregoing Defendants' Reply to Plaintiff's Response to Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                  /s/ Paul G. Beers
                                  Paul G. Beers