IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 7:23CV00809 |
| ) | |
| PHILIP ATETO, ET AL. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSIVE PLEADINGS TO COMPLAINT**

Now come Defendants Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok, Sloan Touchet, Brynn West, and Ashley Wagner (hereinafter collectively "Defendants")[1], pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respond as follows to the Amended Complaint filed against them on March 20, 2024 by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I.   Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Count Three (statutory business conspiracy) for failure to state a claim upon which relief may be granted. This motion to dismiss rests on the grounds and arguments set forth by the

---

[1] While Defendants have chosen to explicitly respond collectively to the Complaint in this pleading, Defendants do not understand MVP's generic allegations against "defendants" and/or "other unlawful protesters"—which do not identify the particular defendants who are the subject of particular allegations—to refer to all defendants, but rather understand such allegations to refer to an unidentified combination of multiple defendants and/or "other unlawful protesters." *See, e.g.*, *Tucker v. U.S. Bank Tr. Nat'l Ass'n*, No. 7:23-CV-00713, 2023 WL 7191178, at *3 (W.D. Va. Nov. 1, 2023) (Dillon, J.) (citing *Langford v. Joyner*, 62 F.4th 122 (4th Cir. 2023)) ("The Fourth Circuit has made clear . . . that collectively deeming 'defendants' to have committed some act generally is insufficient to state a claim against any of them."); Am. Compl. at ¶¶ 1, 4, 14, 18-22, 26, 29-40, 45-46.

1

defendants in Case Nos. 7:24CV00352 and 7:24CV00353—namely, that Count Three should be dismissed because § 18.2-499 is unconstitutionally vague, both on its face and as applied to Defendants. This constitutional challenge was fully briefed, argued, and ruled upon by the Court in the above-referenced matters. *See* Case No. 7:24CV00352, Dkts. 11, 16, 17, 26, 27, 28, and 29; Case No. 7:24CV00353, Dkts. 12, 15, 19, 28, 29, 30, and 31.

Defendants incorporate by reference the positions and arguments of the defendants in those matters, which apply with equal force in the instant matter. Wherefore, the Court should dismiss Count Three with prejudice.

II.   Response to Amended Complaint

Without waiving any other objection to the legal sufficiency of the Amended Complaint which they have raised or may raise, including the Amended Complaint's failure to state a claim upon which relief can be granted and this Court's lack of jurisdiction to hear MVP's claims, Defendants answer or otherwise respond to the Amended Complaint with corresponding numbered paragraphs. To the extent that any allegation is not admitted, it is denied, either on the basis that Defendants affirmatively know the allegation to be untrue or on the basis that Defendants lack sufficient knowledge or information to attest that the allegation is true, except to the extent Defendants have asserted their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint. Defendants respectfully request and reserve the right to amend, alter, and supplement the Answer and its defenses, should facts and circumstances currently unknown be revealed through the course of litigation. Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1.   This paragraph consists of Plaintiff's characterization of this case and legal

conclusions, to which no response is required. Whether Plaintiff's work "is authorized by [ ] Record[s] of Decision" and a "Right of Way Grant and Temporary Use Permit"—and whether "Defendants are prohibited from entering the right of way and interfering"—are legal conclusions, to which no answer is required. Defendants further lack sufficient information to admit or deny the status of MVP's work authorization on the site in question. Defendants respectfully defer to the Record of Decision itself for the best evidence of its contents and of the parties who issued it. Defendants deny that the referenced Closure Order was validly enacted and deny that the Closure Order may be used against them adversely in any way. With respect to the allegations in paragraph 1 of Defendants' willful and unlawful conduct, the legality of any such conduct is a legal conclusion to which no answer is required, and to the extent a response is required, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.[2]

2. Defendants lack sufficient information to admit or deny paragraph 2 of the Complaint.

3. Plaintiff's legal authority for its activities pursuant to the Federal Responsibility Act of 2023 is a legal conclusion to which no response is required. The Defendants respectfully

---

[2] To the extent there is any ambiguity, throughout this pleading, Defendants intend to assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 with respect to any and all alleged acts of one or more Defendants and/or any alleged co-conspirators. To the extent that Defendants deny any allegations of the Amended Complaint for lack of information or otherwise, such denials should not be interpreted as denials regarding any alleged *conduct* of any Defendants and/or co-conspirators.

Of course, Defendants' assertion of the privilege against self-incrimination does not amount to a concession of the veracity of any allegations. *See, e.g., Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (internal quotations omitted) (emphasis in original) ("[W]e have never held . . . that the privilege is unavailable to those who claim innocence. . . . [O]ne of the Fifth Amendment's basic functions . . . is to protect *innocent* [persons] . . . who otherwise might be ensnared by ambiguous circumstances.").