IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 7:23CV00809 |
| ) | |
| PHILIP ATETO, ET AL. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSIVE PLEADINGS TO COMPLAINT**

Now come Defendants Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok, Sloan Touchet, Brynn West, and Ashley Wagner (hereinafter collectively "Defendants")[1], pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respond as follows to the Amended Complaint filed against them on March 20, 2024 by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I.   Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Count Three (statutory business conspiracy) for failure to state a claim upon which relief may be granted. This motion to dismiss rests on the grounds and arguments set forth by the

---

[1] While Defendants have chosen to explicitly respond collectively to the Complaint in this pleading, Defendants do not understand MVP's generic allegations against "defendants" and/or "other unlawful protesters"—which do not identify the particular defendants who are the subject of particular allegations—to refer to all defendants, but rather understand such allegations to refer to an unidentified combination of multiple defendants and/or "other unlawful protesters." *See*, *e.g.*, *Tucker v. U.S. Bank Tr. Nat'l Ass'n*, No. 7:23-CV-00713, 2023 WL 7191178, at *3 (W.D. Va. Nov. 1, 2023) (Dillon, J.) (citing *Langford v. Joyner*, 62 F.4th 122 (4th Cir. 2023)) ("The Fourth Circuit has made clear . . . that collectively deeming 'defendants' to have committed some act generally is insufficient to state a claim against any of them."); Am. Compl. at ¶¶ 1, 4, 14, 18-22, 26, 29-40, 45-46.

1

defendants in Case Nos. 7:24CV00352 and 7:24CV00353—namely, that Count Three should be dismissed because § 18.2-499 is unconstitutionally vague, both on its face and as applied to Defendants. This constitutional challenge was fully briefed, argued, and ruled upon by the Court in the above-referenced matters. *See* Case No. 7:24CV00352, Dkts. 11, 16, 17, 26, 27, 28, and 29; Case No. 7:24CV00353, Dkts. 12, 15, 19, 28, 29, 30, and 31.

Defendants incorporate by reference the positions and arguments of the defendants in those matters, which apply with equal force in the instant matter. Wherefore, the Court should dismiss Count Three with prejudice.

II.     Response to Amended Complaint

Without waiving any other objection to the legal sufficiency of the Amended Complaint which they have raised or may raise, including the Amended Complaint's failure to state a claim upon which relief can be granted and this Court's lack of jurisdiction to hear MVP's claims, Defendants answer or otherwise respond to the Amended Complaint with corresponding numbered paragraphs. To the extent that any allegation is not admitted, it is denied, either on the basis that Defendants affirmatively know the allegation to be untrue or on the basis that Defendants lack sufficient knowledge or information to attest that the allegation is true, except to the extent Defendants have asserted their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint. Defendants respectfully request and reserve the right to amend, alter, and supplement the Answer and its defenses, should facts and circumstances currently unknown be revealed through the course of litigation. Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1.      This paragraph consists of Plaintiff's characterization of this case and legal

conclusions, to which no response is required.  Whether Plaintiff's work "is authorized by [ ] Record[s] of Decision" and a "Right of Way Grant and Temporary Use Permit"—and whether "Defendants are prohibited from entering the right of way and interfering"—are legal conclusions, to which no answer is required.  Defendants further lack sufficient information to admit or deny the status of MVP's work authorization on the site in question.  Defendants respectfully defer to the Record of Decision itself for the best evidence of its contents and of the parties who issued it.  Defendants deny that the referenced Closure Order was validly enacted and deny that the Closure Order may be used against them adversely in any way.  With respect to the allegations in paragraph 1 of Defendants' willful and unlawful conduct, the legality of any such conduct is a legal conclusion to which no answer is required, and to the extent a response is required, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.[2]

    2.    Defendants lack sufficient information to admit or deny paragraph 2 of the Complaint.

    3.    Plaintiff's legal authority for its activities pursuant to the Federal Responsibility Act of 2023 is a legal conclusion to which no response is required. The Defendants respectfully

---

[2] To the extent there is any ambiguity, throughout this pleading, Defendants intend to assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 with respect to any and all alleged acts of one or more Defendants and/or any alleged co-conspirators.  To the extent that Defendants deny any allegations of the Amended Complaint for lack of information or otherwise, such denials should not be interpreted as denials regarding any alleged *conduct* of any Defendants and/or co-conspirators.

Of course, Defendants' assertion of the privilege against self-incrimination does not amount to a concession of the veracity of any allegations.  *See*, *e.g.*, *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (internal quotations omitted) (emphasis in original) ("[W]e have never held . . . that the privilege is unavailable to those who claim innocence. . . . [O]ne of the Fifth Amendment's basic functions . . . is to protect *innocent* [persons] . . . who otherwise might be ensnared by ambiguous circumstances.").

defer to the Fiscal Responsibility Act itself for its contents and date of enactment, but Defendants do not make any admission with respect to the legal conclusions posited in applying this Act to the site in question, nor do Defendants concede the constitutionality of the Fiscal Responsibility Act of 2023. Notwithstanding the conclusory Congressional findings set forth in § 324(b) of the Fiscal Responsibility Act, Defendants deny that the MVP project is in the public interest.

4.       Defendants admit that they hold a viewpoint opposed to the MVP project, but otherwise assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

5.       This paragraph states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants deny that this action is properly brought under 28 U.S.C. § 1331.

6.       This paragraph states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants admit that the referenced Records of Decision, Right of Way Grant, Temporary Use Permit, and Closure Order are included in MVP's Complaint, but deny that the inclusion thereof necessarily confers jurisdiction upon this Court.

7.       This paragraph states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants admit that the Fiscal Responsibility Act ratified and approved the May 15 and May 17 Records of Decision, but deny that the Fiscal Responsibility Act ratified and approved the Right of Way Grant, Temporary Use Permit, and Closure Order, all of which were issued subsequent to the enactment of the Fiscal Responsibility Act.

8.       This paragraph states a legal conclusion, to which no response is required. To the

4

extent Defendants are required to respond to this paragraph, Defendants do not dispute the propriety of venue, subject to Defendants' reserved objection to federal question jurisdiction.

9. Defendants generally lack sufficient information to admit or deny paragraph 9 of the Complaint, but admit that the MVP project crosses the Jefferson National Forest in Giles County, Virginia.

10. Defendants lack sufficient information to admit or deny the factual allegation in this paragraph, but admit that the document referenced therein is attached as Exhibit 1 of the Amended Complaint.

11. Defendants lack sufficient information to admit or deny the factual allegation in this paragraph, but admit that the document referenced therein is attached as Exhibit 2 of the Amended Complaint.

12. Defendants lack sufficient information to admit or deny the factual allegation in this paragraph, but admit that the documents referenced therein are attached as Exhibits 3 and 4 of the Amended Complaint.

13. Defendants lack sufficient information to admit or deny the factual allegation in this paragraph, but admit that the document referenced therein is attached as Exhibit 5 of the Amended Complaint.

14. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

15. The categorization of Defendants and other protesters and their activities as

"unlawful" is a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

16. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

17. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

18. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

19. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully

decline to answer on that basis.

20. To the extent that this paragraph asserts that Defendants have engaged in unlawful behavior, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

21. To the extent that this paragraph asserts that Defendants have engaged in unlawful behavior, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

22. The categorization of Defendants' purported activity as "willful[ ], intentional[ ], and malicious[ ]" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, and that this paragraph asserts that Defendants have engaged in unlawful behavior, Defendants generally assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis. Defendants lack specific information to admit or deny allegations that MVP had "rights" to perform any work purportedly interfered with, and that any such work was "allowed under the Right of Way Grant and Temporary Use Permit[,]" and any such allegations implicit in any portion of the remainder of the Amended Complaint. Defendants deny that the Closure Order grants MVP any rights or allows any work.

23. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis.

24. Defendants lack sufficient information to admit or deny that MVP has sustained irreparable harm. Defendants deny that MVP is entitled to preliminary and permanent injunctive relief.

25. Paragraph 25 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

26. Defendants generally assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis. With respect to the allegations that MVP had "rights" under the Right of Way Grant and Temporary Use Permit that were purportedly "violated" by the purported protest activities alleged in the Amended Complaint, these allegations are legal conclusions to which Defendants are not required to answer, but to the extent an answer is required, Defendants lack sufficient information to admit or deny the existence or extent of MVPs rights, except that Defendants deny that MVP has any rights under the Closure Order.

27. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally, or that MVP has sustained irreparable harm. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis.

28. Paragraph 28 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

29. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are

required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that delaying or stopping work on the MVP project is an unlawful purpose to the extent that is implicitly alleged in this paragraph.

30. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

31. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

32. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

33. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully

decline to answer on that basis.

34. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

35. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

36. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that arranging for Wagner to have a sign would constitute unlawful conduct, to the extent that is implicitly alleged in this paragraph.

37. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that taking pictures of Wagner and arranging for the pictures to be posted on social media with supportive messages would

constitute unlawful conduct, to the extent that is implicitly alleged in this paragraph.

38. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

39. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that delaying or stopping work on the MVP project constitutes an unlawful purpose.

40. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

41. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except with respect to the allegations that MVP had "rights" under the Right of Way Grant and Temporary Use Permit and Closure Order that were

purportedly violated by the purported protest activities alleged in the Amended Complaint. These allegations are legal conclusions to which Defendants are not required to answer, but to the extent an answer is required, Defendants lack sufficient information to admit or deny the existence or extent of MVPs rights, except that Defendants deny that MVP has any rights under the Closure Order.

42. Paragraph 42 states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, and to the extent this paragraph implicitly describes or refers to the purported actions of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

43. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis. Defendants deny that MVP is entitled to injunctive relief.

44. Paragraph 44 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

45. The categorization of defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. The categorization of defendants' and other protesters' purported activity as "willful[ ] and malicious" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond

to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that, with respect to the allegation that any purported protest activities "prevent[ed] or hinder[ed] MVP from doing or performing lawful work[,]" Defendant lack sufficient information to admit or deny that any work purportedly interfered with was lawful.

46.     The categorization of defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required.  To the extent a response is required, to the extent that this paragraph asserts that Defendants have engaged in unlawful behavior, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis. Defendants lack specific information to admit or deny allegations that MVP had "rights" to perform any work purportedly interfered with, and that any such work was "allowed under the Right of Way Grant and Temporary Use Permit[,]" and any such allegations implicit in any portion of the remainder of the Amended Complaint.  Defendants deny that the Closure Order grants MVP any rights or allows any work.

47.     Paragraph 47 states a legal conclusion, to which no response is required.  To the extent Defendants are required to respond to this paragraph, and to the extent this paragraph implicitly describes or refers to the purported actions of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

48.     Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally.  To the extent this paragraph implicitly alleges any purported action(s)

13

of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis.  Defendants deny that MVP is entitled to injunctive relief.

49. Any allegations which Defendants do not answer above for lack of sufficient information are denied.  Any allegations in the Complaint Defendants do not expressly admit above are expressly denied, except to the extent Defendants have asserted their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint.

50. Defendants deny that MVP is entitled to any relief whatsoever.

## Affirmative Defenses.

1. The Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Va. Code § 18.2-499 is unconstitutionally vague on its face and as applied to the purported conduct of Defendants.

4. Forest Order No. 08-08-11-23-161 (the "Closure Order") was imposed in excess of Forest Supervisor Joby Timm's statutory authority under 16 U.S.C. § 551 and inconsistently with the Congressional delegation of authority to the Forest Service in violation of 36 C.F.R. § 261.50, or, alternatively, without notice and comment in violation of the Administrative Procedure Act, 5 U.S.C.A. § 553.  Additionally, said Order was not published in the Federal Register as required by the Administrative Procedure Act, 5 U.S.C.A. § 552.  The Closure Order is therefore void, or, in the alternative, even if the Order is not void, any purported violation thereof cannot be used

14

adversely against Defendants in any way, including as a basis to establish Defendants' liability in the instant litigation.

5.  Plaintiff's claims and requested remedies are barred in whole or in part by the doctrine of unclean hands, including but not limited to Plaintiff's history of extensive violations of environmental laws. *See*, *e.g.*, *Sierra Club v. WV DEP*, 64 F.4th 487 (4th Cir. 2023) (outlining MVP's extensive history of permit and water quality violations and noting that MVP's "activities threaten serious harm in the absence of proper environmental controls"); *see also Sierra Club v. Federal Energy Regulatory Commission*, 68 F.4th 630 (D.C. Cir. 2023) (vacated as moot) (outlining MVP's extensive history of dozens of permit and water quality violations); *Sierra Club, Inc. v. U.S. Forest Serv.*, 897 F.3d 582 (4th Cir. 2018) (vacating authorization for the pipeline to cross approximately 3.5 miles of the Jefferson National Forest in West Virginia and Virginia).

6.  Plaintiff's request for injunctive relief is foreclosed by the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine. The pipeline has already been constructed and is currently operational.

7.  Plaintiff's claims and requested remedies are barred in whole or in part by the First Amendment to the United States Constitution and Va. Const. Art. I, § 12, to the extent it seeks to enjoin lawfully protected speech and activity (e.g., encouraging, promoting, and soliciting contributions to support acts of protest) and relies upon lawfully protected speech and activity (e.g., using or providing signs, and taking pictures of the protest to be posted on social media with supportive messages) to establish liability.

8.  To the extent MVP suffered any damages, MVP failed to fully mitigate such and take reasonable care to reduce any purported damages and losses, and to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s)

of its agents, or the action(s) or omission(s) of persons or entities other than Defendants and/or their purported co-conspirators. This contention will likely have evidentiary support after a reasonable opportunity for discovery.

9. MVP has failed to comply with applicable laws and provisions of its right-of-way grant. This contention will likely have evidentiary support after a reasonable opportunity for discovery.

10. To the extent that any damages to MVP are economic losses stemming from deviations in the terms of contracts between MVP and its contractor(s) and/or agent(s), MVP's proper remedy is to sue its contractor(s) and/or agent(s) for the delays and for otherwise failing to abide by schedules and standards in any such contracts.

11. To the extent that MVP has an insurance policy or contract provisions that include recovery for any alleged injuries described in the Amended Complaint, such costs are not recoverable in this lawsuit.

12. Defendants specifically plead and incorporate by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

13. MVP's request for punitive damages in barred by the Constitutions of the Commonwealth of Virginia and the United States.

14. Defendants reserves the right to assert any matter constituting a defense as a matter of law, including, without limitation, all defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as the evidence adduced in this matter warrants.

DEFENDANTS DEMAND TRIAL BY JURY ON ALL CLAIMS AND ISSUES TRIABLE TO A JURY.

                                            PHILIP ATETO, BARKHA BHANDARI, JOEL DAVIS, KIDUS GIRMA, KLEA HAZIZAJ, DEVORA KLIONSKY, CHRISTIAN SHUSHOK SLOAN TOUCHET, ASHLEY STECHER WAGNER, AND BRYNN WEST

                                            By:  /s/ Kira A. Kelley
                                                   Kira A. Kelley

Kira A. Kelley, *Pro Hac Vice*
MN Bar: 402932
Climate Defense Project
P.O. Box 7040
Minneapolis, MN 55407
Email: kira@climatedefenseproject.org
Telephone: (802) 683-4086
Counsel for Defendants

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2025, I electronically filed the foregoing Responsive Pleadings to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                                  /s/ Kira A. Kelley
                                                  Kira A. Kelley