IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:23cv00809 |
| ) | |
| PHILIP ATETO, et al., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S RESPONSE TO DEFENDANTS'
SECOND MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its response to the second motion to dismiss filed by defendants Philip Ateto, Barkha Bhandari, Joel Davis, Kidus Girma, Klea Hazizaj, Devora Klionsky, Christian Shushok, Sloan Touchet, Brynn Cassidy West, and Ashley Stecher Wagner, Dkt. No. 48, states as follows:

I. STATEMENT OF THE CASE

In its amended complaint, MVP brought several claims against defendants, including Count One for interference with MVP's easement, Count Two for common law conspiracy, and Count Three for statutory conspiracy. Dkt. No. 28. In response to the amended complaint, defendants filed a motion to dismiss, contending that the Court lacked subject matter jurisdiction and that Counts One, Two, and Three failed to state claims upon which relief can be granted. Dkt. Nos. 32, 33.

On March 17, 2025, following briefing and argument, the Court denied the motion to dismiss on all grounds. Dkt. Nos. 45, 46. In its order, the Court directed the defendants to file an answer within 30 days. Dkt. No. 46. On April 16, 2025, defendants filed a responsive pleading, which includes, in addition to an answer, a second motion to dismiss. Dkt. No. 48. In its second motion to dismiss, defendants again contend that Count Three for statutory conspiracy fails to state a claim under Rule 12(b)(6). *Id.* at 1-2. This time around, defendants contend that the conspiracy statute is "unconstitutionally vague, both on its face and as applied." *Id.* at 2. This is MVP's response to the second motion to dismiss.

II.     ARGUMENT

Defendants' second motion to dismiss should be denied for the reasons stated by the Court in *Hinz* and *Glick*. *Mountain Valley Pipeline, LLC v. Hinz*, Nos. 7:24-cv-352 and 7:24-cv-353, 2025 WL 897556, at *7-10 (W.D. Va. Mar. 24, 2025). While the time for the Attorney General to intervene has not expired, the Court may reject a constitutional challenge before that time expires. Fed. R. Civ. P. 5.1(c). Because the Court has already considered and decided the constitutional issue, the motion to dismiss should be denied without waiting for intervention by the Attorney General.

III.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be denied.

2

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

  */s/ Wade W. Massie*
        Wade W. Massie

3

Abingdon: 1362076-1