CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:23-cv-00809 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| PHILIP ATETO, *et al.*, ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

**ORDER**

In its complaint, plaintiff Mountain Valley Pipeline, LLC (MVP), brings claims against ten individuals who allegedly interfered with MVP's work constructing its natural gas pipeline. The court previously denied the defendants' first motion to dismiss, and directed that defendants file an answer to the complaint. (Dkt. No. 46.) In their answer, defendants also include a second motion to dismiss. (Dkt. No. 48 at 1–2.) The motion to dismiss argues that Count Three (statutory conspiracy) fails to state a claim on the grounds that the statute is "unconstitutionally vague, both on its face and as applied." (*Id.* at 2.)

MVP has opposed the motion to dismiss, noting that it asserts an argument that the court already has rejected in two similar cases.[1] (Dkt. No. 50.) Defendants, too, acknowledge that the issue previously has been addressed by the court, and they rely entirely on the briefing in those

---

[1] Although MVP does not raise the issue, the court notes that Rule 12(g)(2) generally requires that all available defenses be raised in a single motion to dismiss. *Clark v. Brown*, 536 F. Supp. 3d 56, 66 (E.D. Va. 2021); *see also Flame S.A. v. Indus. Carriers, Inc.*, 24 F. Supp. 3d 513, 517 (E.D. Va. 2014) (declining to address subsequent motion to dismiss that raised new, previously available arguments). Rule 12(g)(2) refers to exceptions in Rule 12(h)(2) and (3), however, and Rule 12(h)(2) allows the defense of a failure to state a claim to be raised in an Answer and also in a motion under Rule 12(c). So, even if defendants could not properly bring a Rule 12(b)(6) motion, the court can consider the merits of the motion if construed as a Rule 12(c) motion. *Dalenko v. Stephens*, No. 5:12-CV-122-F, 2014 WL 794045, at *4 & n.3 (E.D.N.C. Feb. 27. 2014); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (treating a post-answer 12(b)(6) motion as a Rule 12(c) motion, which would not have a "practical effect upon" the court's review because the court would evaluate it under the Rule 12(b)(6) standard).

other matters. (Mot. Dismiss 2.) Indeed, the issue was fully briefed and argued, including briefing and argument by the Commonwealth of Virginia, who was properly given notice of the challenge.[2] For the reasons set forth by the court in a consolidated opinion in those two cases, which are incorporated by reference herein, the court also denies defendants' motion to dismiss in this case. *See Mtn. Valley Pipeline, LLC v. Hinz*, Case No. 7:24cv00352(L), 2025 WL 897556, at *7–10 (W.D. Va. Mar. 24, 2025) (rejecting argument that § 18.2-499A is unconstitutionally vague as applied to defendants and that the facial challenge also fails as a result).

It is thus ORDERED that defendants' second motion to dismiss (Dkt. No. 48) is DENIED.

Entered: May 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[2] In this case, defendants also have given notice to the Office of the Attorney General of Virginia of the constitutional question. (Dkt. No. 51.) The court need not wait for the Commonwealth to intervene or respond, however, before it denies or rejects the challenge. Fed. R. Civ. P. 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge.").