IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

December 18, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:23-cv-00809 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ASHLEY STECHER WAGNER,[1] et al., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:24-cv-00254 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MADELINE FFITCH, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

**ORDER TO CONSOLIDATE**

The claims in the first case above arise from an incident that allegedly occurred on October 16, 2023, in which Mountain Valley Pipeline, LLC (MVP) alleges that defendant Ashley Stecher Wagner, aided by others, attached herself to equipment within MVP's easement in the Jefferson National Forest (JNF), disrupting work on its natural gas pipeline and causing it damages. Although a number of other defendants have settled with MVP, Wagner and three

---

[1] The amended complaint spells Wagner's middle name as "Stecher," but in several other places in the parties' filings, her middle name is spelled "Stetcher." If her name on the docket (which is taken from the amended complaint) is misspelled, the court requests that her counsel file either a notice of correction or a motion to correct so that any errors can be corrected.

other defendants remain. After this court's ruling on the motion to dismiss in that case, there are three claims that remain against those defendants.

The claims in the second case arise from a similar incident that allegedly occurred in January 19, 2024, also in the JNF. The sole defendant in that case is Madeline Ffitch. After this court's ruling on the motion to dismiss in that case, the only count remaining against Ffitch is Count One, a claim of interference with MVP's easement and authorized work.

MVP is represented by the same counsel in both cases, and there is overlapping counsel for defendants in both cases, as well. On December 17, 2025, both cases came before the court for a conference pursuant to Federal Rule of Civil Procedure 16. During that conference, the parties agreed that the cases should be consolidated for all purposes, including for trial.

Pursuant to Federal Rule of Civil Procedure 42(a), "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Here, although the two cases arise out of different incidents, the incidents described in the complaints are similar, occurred about three months apart, and in both cases, defendants were alleged to have interfered with MVP's work on its easement in the JNF. The two cases also involve some common questions of fact and law. Therefore, the court finds that consolidating these cases for discovery and for trial would avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve resources of the parties, their counsel, and the court. Further, as already noted, the parties have agreed to consolidate these cases for all purposes, including trial.

Accordingly, it is hereby ORDERED that the cases of *Mountain Valley Pipeline, LLC v. Ashley Stecher Wagner et al.* (Case No. 7:23-cv-809) and *Mountain Valley Pipeline, LLC v.*

*Madeline Ffitch* (Case No. 7:24-cv-254) are hereby CONSOLIDATED for all purposes, including trial.  The Clerk is DIRECTED to administratively close Case No. 7:24-cv-254, and all future filings in both cases by the parties and the court shall be only in Case No. 7:23-cv-809.

It is further ORDERED that this case is REFERRED to United States Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(A), for rulings on any pretrial matters as permitted under that provision.

The clerk is directed to send a copy of this order to all counsel of record.

Entered: December 18, 2025.

+

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge