CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VIRGINIA
FILED

January 21, 2026
Laura A. Austin, Clerk
By: s/ Kelly Anglim
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00809 |
| | ) | |
| ASHLEY STECHER WAGNER, et al., | ) | By: Elizabeth K. Dillon |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

## SCHEDULING ORDER

### Summary

| | |
|---|---|
| **TRIAL DATE:** | **July 13–15, 2026 Jury Trial**<br>**9:00 a.m.** |
| **PLACE:** | **UNITED STATES DISTRICT COURT**<br>**210 Franklin Road, SW**<br>**Roanoke, VA 24011** |
| **PLAINTIFF'S INITIAL EXPERT DISCLOSURE:** | **75 days before the discovery deadline** |
| **DEFENDANT'S INITIAL EXPERT DISCLOSURE:** | **45 days before the discovery deadline** |
| **DEADLINE FOR MOTIONS TO JOIN OTHER PARTIES OR AMEND PLEADINGS:** | **120 days from this order** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **85 days before trial** |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS AND MOTIONS TO EXCLUDE EXPERTS:** | **80 days before trial** |
| **DEADLINE FOR HEARINGS ON DISPOSITIVE MOTIONS AND MOTIONS TO EXCLUDE EXPERTS:** | **45 days before trial** |
| **DEADLINE FOR PARTIES TO EXCHANGE WITNESS AND EXHIBIT LISTS:** | **28 days before trial** |

| | |
|---|---|
| **DEADLINE FOR MOTIONS IN LIMINE[1]:** | **21 days before trial** |
| **DEADLINE FOR DEPOSITION DESIGNATIONS:** | **21 days before trial** |
| **DEADLINE FOR COUNTERDESIGNATIONS AND OBJECTIONS TO DEPOSITION DESIGNATIONS:** | **14 days before trial** |
| **DEADLINE FOR OBJECTIONS TO COUNTERDESIGNATIONS:** | **7 days before trial** |
| **DEADLINE FOR JURY INSTRUCTIONS, STATEMENT OF THE CASE, AND SPECIAL INTERROGATORIES:** | **7 days before trial** |
| **DEADLINE FOR HEARING ON MOTIONS IN LIMINE AND MOTIONS OBJECTING TO DEPOSITION TESTIMONY OR TRIAL EXHIBITS:** | **7 days before trial** |
| **FINAL PRETRIAL CONFERENCE:** | **7 days before trial** |

## Mediation

1.      The parties are encouraged to engage in settlement discussions.   Upon motion of any party, the court may refer the case to a magistrate judge to conduct mediation.

## Trial and Settlement

2.      This case is set for a jury trial, scheduled to begin at 9:00 a.m. on July 13, 2026.

3.      The parties shall contact Kelly Anglim, Courtroom Deputy Clerk (Kelly_Anglim@vawd.uscourts.gov or 540-857-5117), to schedule a final pretrial conference to be held no later than seven days before trial.

4.      Proposed jury instructions and special interrogatories must be filed electronically through CM/ECF at least seven days before trial.   The parties should also email the proposed

---

[1]   The term "motion in limine" as used in this order does not include a motion to exclude an expert, however titled.

2

(jury instructions and special interrogatories in Word format, with citations, to

dillon.ecf@vawd.uscourts.gov, copying opposing counsel.

5.      If the case is set for a jury trial, the parties must jointly submit a proposed

statement of the case (briefly summarizing all plaintiff's claims, defendant's defenses, and any

counterclaims and cross-claims) to be read to the jury during voir dire.   The statement must be

emailed, in Word format, to dillon.ecf@vawd.uscourts.gov no later than seven days before trial.

If the parties, after conferring, cannot agree on a proposed joint statement, each party shall

submit its own proposed statement.

6.      If the trial of a case will involve significant issues not adequately addressed by the

parties in pretrial motions, the parties should prepare trial briefs addressing such issues and

electronically file those briefs no later than five days before the final pretrial conference.

7.      If the case settles before trial and the court does not receive a proposed final order

within 30 days after the court has received oral or written notification of the settlement, the court

will dismiss the case with prejudice.   If any party wants the court to retain jurisdiction to enforce

the settlement, then that party must so move within 60 days of the entry of the dismissal order.

**Discovery, Rule 26(f) Plan, and Scheduling Order Amendments**

8.      Unless the parties stipulate otherwise, they must confer and develop a discovery

plan as required by Rule 26(f) and make initial disclosures as required by Rule 26(a)(1).

9.      The parties may, but are not required to, file an agreed written plan pursuant to

Rule 26(f), except that the plan must be filed if the parties amend this order's disclosure or

discovery provisions, which the parties may do by agreement and without seeking leave of court.

If the agreed written plan purports to change any deadlines other than the disclosure and

discovery deadlines, the parties shall file a separate motion requesting leave to amend this order

and shall submit a proposed agreed order with the modified deadlines.   The court may also amend the order on its own motion.

10.     All discovery must be completed at least 85 days before trial.   This schedule requires that all written discovery be served in sufficient time to allow the responding party time to respond on or before the cutoff date for discovery.

11.     Except disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties must file, the parties are not to file disclosure or discovery materials unless and until they are relevant to the court's disposition of a motion or otherwise required by this order.

### Motions

12.     A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

13.     If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within 14 days of the date of service of the movant's brief, except that briefs in opposition to motions in limine or other motions related to trial matters must be filed within seven days of the date of service of the movant's brief.   Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.   If a moving party desires to submit a reply brief, it must do so within seven days of the date of service of the brief opposing the motion, except that reply briefs in support of motions in limine or motions relating to trial matters must be filed within seven days of the date of service of the brief in opposition or at least two days before the final pretrial conference, whichever time period is shorter.   A surreply brief may not be filed without prior leave of the court.

14.     Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using standard margins and double-spaced lines, unless the filing party first obtains leave

4

of the court after showing good cause why a longer brief is necessary.

15.     When a dispositive motion, together with its supporting brief and exhibits, consists of 75 or more pages, the filing party must send a paper courtesy copy of the documents to Judge Dillon's chambers at 210 Franklin Road, S.W., Suite 132, Roanoke, Virginia 24011.

16.     No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9.   The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

17.     The court does not generally schedule motions hearings.   Such scheduling is the responsibility of the parties.   Any party requesting a hearing must contact Kelly Anglim, Courtroom Deputy Clerk, by email or telephone to set a hearing date.   If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing. Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

18.     Dispositive motions and motions to exclude experts must be heard no later than 45 days before trial.

19.     Motions in limine, including motions objecting to the introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

20.     Proposed orders filed through CM/ECF during the course of litigation should also be sent separately in Word format by email to dillon.ecf@vawd.uscourts.gov.

### Witnesses and Exhibits

21.    Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must disclose the written report of each expert no later than 75 days before the discovery deadline, and the defendant must disclose the written report of each expert no later than 45 days before the discovery deadline.

22.    With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) no later than 80 days from the date of this order.   The defendant must disclose the identity of any such witness and provide the information required by Rule 26(a)(2)(C) no later than 110 days from the date of this order.

23.    Expert testimony intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rules 26(a)(2)(B) or (C) shall be disclosed as provided under Rule 26(a)(2)(D).

24.    All expert disclosures must be submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

25.    Any motion to exclude the testimony of an expert must be filed no later than the deadline for filing motions for summary judgment.

26.    The parties shall exchange and file lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than 28 days before trial.   For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

27.    Unless otherwise agreed by the parties, depositions or portions thereof from persons not appearing at trial may be read into the record at trial only if a designation is filed for such use no later than 21 days before trial.   Counterdesignations and objections to designations must be filed no later than 14 days before trial.   Objections to counterdesignations must be filed no later than seven days before trial or at least two days before the final pretrial conference, whichever period is shorter.

28.    The court encourages the parties to enter into stipulations of fact and requires the parties to confer in good faith, and at length if necessary, to attempt to resolve objections to witnesses, exhibits, and deposition designations prior to the final pretrial conference.

It is so **ORDERED**.

Entered: January 21, 2026

*/s/ Elizabeth K. Dillon*
Chief United States District Judge

7