IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY STETCHER WAGNER, et al.,<br><br>Defendants. | ) | Case No. 7:23-cv-00809 |

JOINT MOTION FOR ENTRY OF AGREED INJUNCTION
AS TO REMAINING DEFENDANTS

Plaintiff Mountain Valley Pipeline, LLC ("MVP") and defendants Ashley Stecher Wagner ("Wagner"), Sloan Touchet ("Touchet"), Klea Hazizaj ("Hazizaj"), and Madeline Ffitch ("Ffitch") for their Joint Motion for Entry of Agreed Injunction, state as follows:

I. STATEMENT OF THE CASE

1. On December 14, 2023, MVP filed this case against Touchet, Hazizaj, and others for an incident on October 16, 2023. Dkt. No. 1.

2. On March 20, 2024, MVP filed an amended complaint, adding Wagner as a defendant in this case. Dkt. No. 28.

3. The amended complaint alleges that, on October 16, 2023, Wagner, Touchet, Hazizaj, and others entered MVP's right of way and blocked work. Dkt. No. 28 ¶¶ 17-21.

4. On April 16, 2024, MVP filed Case No. 7:24-cv-00254 against Ffitch for an incident on January 29, 2024. Case No. 7:24-cv-00254, Dkt. No. 1.

5. The complaint alleges that, on January 29, 2024, Ffitch entered MVP's right of way and blocked work. Case No. 7:24-cv-00254, Dkt. No. 1 ¶ 17.

6. On December 18, 2025, the Court entered an order consolidating Case No. 7:23-cv-00809 and Case No. 7:24-cv-00254, administratively closing Case No. 7:24-cv-00254, and directing that all future filing be made in Case No. 7:23-cv-00809. Dkt. No. 60.

7. The amended complaint against Wagner, Touchet, and Hazizaj seeks permanent injunctions and damages for interference with MVP's easement and common law and statutory conspiracy. Dkt. No. 28.

8. The complaint against Fftich likewise seeks a permanent injunction and damages for interference with MVP's easement. Case No. 7:24-cv-00254, Dkt. No. 1. The claims for conspiracy against Ffitch were previously dismissed. Case No. 7:24-cv-00254, Dkt. No. 30.

9. MVP and seven (7) of the other defendants previously agreed to entry of agreed injunctions, which were entered by the Court on November 14, 2025, and December 16, 2025. Dkt. Nos. 54, 57.

10. MVP and Wagner, Touchet, Hazizaj, and Ffitch have agreed to entry of a materially identical agreed injunction. The order is attached hereto as Exhibit 1.

11. MVP and Wagner, Touchet, Hazizaj, and Ffitch file this joint motion for approval and entry of the agreed injunction.

12. Upon entry of the agreed injunction order, this case can be closed.

II. ARGUMENT

13. When considering a motion to approve a consent decree, the district court "should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (citing *Durrett v. Housing Authority*, 896 F.2d 600, 604 (1st Cir.1990)). The court should approve the consent decree if it "'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *Id.* (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)). The court should consider the strength of the case, the extent of any discovery, the stage of the proceedings, the lack of any collusion in the settlement, and the experience of counsel who negotiated the settlement. *Id.*

14. The proposed injunction is the result of informed and reasoned decisions and is fair, adequate, and reasonable. The complaints allege that defendants entered MVP's right of way and blocked work. Dkt. No. 28 ¶¶ 17-21; Case No. 7:24-cv-00254, Dkt. No. 1 ¶ 17. As a result, work on the pipeline was allegedly delayed, and MVP seeks damages for additional costs. Dkt. No. 28 ¶¶ 21, 23, 27, 43, 48; Case No. 7:24-cv-00254, Dkt. No. 1 ¶¶ 17, 19, 23.

15. While discovery is still underway in this case, the parties are represented by experienced counsel, and there is certainly no collusion between MVP and these defendants or any of the other protesters. Moreover, the proposed injunction order in this case is similar to several such orders entered by agreement between MVP and protesters in this Court, as well as in the Circuit Court of Montgomery County, Virginia.

VI. CONCLUSION

16. For the foregoing reasons, the Court should grant this motion and enter the agreed injunction attached as Exhibit 1.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Seth M. Land
VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276-628-5151
Facsimile: 276-628-5621
sland@pennstuart.com

By *_/s/ Seth M. Land______*
Seth M. Land

*Counsel for Plaintiff*

ASHLEY STECHER WAGNER, SLOAN TOUCHET, KLEA HAZIZAJ, AND MADELINE FFITCH

By Counsel

Paul G. Beers
VSB # 26725
GLENN, FELDMANN, DARBY & GOODLATTE
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001
Telephone: 540-224-8000
Facsimile: 540-224-8050
pbeers@glennfeldmann.com

By *_/s/ Paul G. Beers_*
Paul G. Beers

Kira A. Kelley
*Pro Hac Vice*
MN Bar: 402932
Climate Defense Project
P. O. Box 7040
Minneapolis, MN 55407
Telephone: 802/683-4086
kira@climatedefenseproject.org

By *_/s/ Kira A. Kelley_*
Kira A. Kelley

Jonathan Sidney
*Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P. O. Box 97
Forest Hill, WV
Telephone: (510) 318-1549
jsidney@climatedefenseproject.org

By *_/s/ Jonathan Sidney_*
Jonathan Sidney

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I certify that on April 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Seth M. Land*
Seth M. land